## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN

### CIVIL ACTION NO. 1:06-CV-00085

**MELISSA BELL**                                                                 **PLAINTIFF**

**V.**

**JOHN O. HALL, ET. AL.**                                             **DEFENDANTS**

### MEMORANDUM ORDER AND OPINION

This matter is before the Court upon a motion by Defendants Mary Helen Grant ("Grant") and the City of Campbellsville, Kentucky to dismiss all claims brought against them by Plaintiff Melissa Bell ("Bell"). Fully briefed, this matter is ripe for decision. For the following reasons, the Defendants' motion is **GRANTED**.

### I. FACTS

Plaintiff Bell alleges that on July 1, 2005, she was wrongfully arrested and imprisoned by the Defendant, John O. Hall, a police officer for City of Greensburg, Kentucky. On June 16, 2006, Bell filed a 42 U.S.C. § 1983 action against Officer Hall and the City of Greensburg. On April 27, 2007, Bell amended her complaint and brought claims against the City of Campbellsville, Kentucky, and Mary Helen Grant, a dispatcher for that city. Bell alleges that Dispatcher Grant negligently gave false information about her to the City of Greensburg and Officer Hall which led to her false arrest.

Defendants Grant and the City of Campbellsville argue that Bell's claims against them are barred by Bell's failure to bring them within the applicable one-year statute of limitations. Bell argues that her claims against these Defendants are not barred because she did not learn of their involvement in her injury until Dispatcher Grant was deposed during discovery in this action.

## II. DISCUSSION

In 42 U.S.C. §1983 actions, state law provides the appropriate statute of limitations and federal law governs when that limitations period begins to run. Wilson v. Garcia, 471 U.S. 261, 268-271 (1985); Collard v. Kentucky Board of Nursing, 896 F.2d 179, 182-183 (6th Cir. 1990). In Kentucky, the applicable limitations period for § 1983 actions is one year. Collard, 896 F.2d at 182 (citing K.R.S § 413.140(1)(a)). Under federal law, the statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action and ...a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." Id. (quoting McCune v. City of Grand Rapids, 842 F.2d 903, 905 (6th Cir. 1988)).

Here, the Plaintiff filed her claims against Dispatcher Bell and the City of Campbellsville 22 months after the date of her injury. Bell contends, however, that the statute of limitations did not begin to run until she "discovered" the involvement of these Defendants, which was after Dispatcher Grant had been deposed. The Defendants argue that the "discovery rule" does not help the Plaintiff because, had she exercised reasonable diligence, she could have discovered her cause of action against them within the year following her alleged injury.

In Dowdy v. Prison Health Services, the Sixth Circuit rejected an argument similar to the one Bell makes here. 21 Fed. Appx. 433 (6th Cir. 2001). In Dowdy, the plaintiff brought a claim under §1983 against police officers and a city government. Shortly thereafter, discovery in the case was stayed because the individual police officers were under criminal investigation. After the applicable one-year statute of limitations had run, the plaintiff filed an amended complaint adding a prison service as a defendant. The prison service argued that the claim against it was time-barred, but the plaintiff contended that the running of the statute of limitations should have been tolled during the

period that discovery was stayed. The Sixth Circuit concluded that the claim against the prison service was barred by the statute of limitations. The court explained: "The discovery rule can toll the running of the statute of limitations, but only when the plaintiff is not put on inquiry because she has no knowledge that an injury has occurred. Here, [the plaintiff] was clearly aware of the wrong having occurred, and was therefore put on inquiry to identify the proper defendants. The statute of limitations is not tolled while plaintiff attempts to identify the correct defendants." 21 Fed. Appx. at 435.

In light of Dowdy, the Court concludes that Bell's claims against Dispatcher Grant and the City of Campbellsville are barred by Kentucky's one-year statute of limitations. The statute of limitations began to run on the day Bell became aware of her injury, which was on July 1, 2005. Because Bell was clearly aware that a wrong had occurred, it was her duty to identify the proper defendants within the statute of limitations period.

### III. CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss all claims against them is **GRANTED**.

cc: Counsel of Record