**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

**CIVIL ACTION NO. 1:06-CV-00085**

**MELISSA BELL**                                                                                                                                       **PLAINTIFF**

**V.**

**JOHN O. HALL, ET AL.**                                                                                               **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by Defendants, the City of Campbellsville, Kentucky, and Mary Helen Grant for entry of final judgment. (DN 31). The Defendants ask the Court to certify its July 24, 2007 Order, in which all claims against the Defendants were dismissed, as final and appealable. This matter is ripe for decision. For the following reasons, the Defendants' motion is **DENIED**.

**I. FACTS**

On June 16, 2006 the Plaintiff filed suit in this Court alleging that she had been wrongfully arrested and imprisoned by Officer John O. Hall and the City of Greensburg, Kentucky. (DN 1). On April 27, 2007, the Plaintiff amended her complaint to allege that City of Campbellsville, Kentucky, and Mary Helen Grant, a Campbellsville dispatcher, negligently gave false information about her to the City of Greensburg, which led to her false arrest. (DN 18). On July 24, 2007, the Court held that the claims against the City of Campbellsville and Dispatcher Grant were time-barred by the applicable statute of limitations and dismissed those claims. (DN 28). These Defendants now ask the Court to certify its July 24, 2007 Memorandum Opinion and Order as final and appealable pursuant to Rule 54(b).

**II. DISCUSSION**

Rule 54(b) provides, in part, that:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b).

Thus, the Sixth Circuit has held that Rule 54(b) certification requires two independent findings. First, the district court must expressly "direct the entry of final judgment as to one or more but fewer than all the claims or parties" in a case. General Acquisition v. Gencorp, Inc., 23 F.3d 1022, 1026 (6th Cir. 1994). Second, the district court must "expressly determine that there is no just reason to delay" appellate review. Id.

The Sixth Circuit has stated that Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." Lowery v. Fed. Express Corp., 426 F.3d 817, 820 (6th Cir. 2005) (quoting Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 60 (6th Cir. 1986)). It has further stated that that only an "infrequent harsh case" merits Rule 54(b) certification. Rudd Construction Equipment Co. v. Home Ins. Co., 711 F.2d 54, 56 (6th Cir. 1983).

**A. Final Judgment**

To meet the first requirement - of a final judgment as "to one or more but fewer than all of the claims or parties," the judgment must represent "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Lowery, 426 F.3d at 821 (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)). It seems clear that this requirement has been met here, where the Court has dismissed the claims against the City of Campbellsville and Dispatcher Grant, but Plaintiff's claims against the City of Greensburg and Officer Hall remain. Thus, the Court finds that the first requirement for Rule 54(b) certification is met.

**B. Reason for Delay**

The second requirement of Rule 54(b) - that there is no reason for delay - requires the Court to balance the following, non-exhaustive list of factors:

  1) the relationship between the adjudicated and unadjudicated claims;
  2) the possibility that the need for review might or might not be mooted by future
    developments in the district court;
  3) the possibility that the reviewing court might be obliged to consider the same issue     a

>    second time;
>    4) the presence of absence of a claim or counterclaim which could result in a set-off    against the judgment sought to be made final; and
>    5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, and expense and the like.

Lowery, 426 F.3d at 822 (citing Gen. Acquisition, 23 F.3d at 1030). Using these factors, the Court must determine "whether the needs of the parties outweigh the efficiency of having one appeal at the conclusion of the case in its entirety, and it must spell out its reasons for concluding that prompt review is preferable." Lowery, 426 F.3d at 822 (quoting Gencorp, Inc. v. Olin Corp., 390 F.3d 433, 442 (6th Cir. 2004)).

The Sixth Circuit seems to place the greatest weight on the first factor - the relationship between adjudicated and unadjudicated claims. See Lowery, 426 F.3d at 822-823; Baden-Winterwood v. Life Time Fitness, 2007 U.S. Dist. LEXIS 58753 (S.D. Ohio 2007)(denying Rule 54(b) certification solely because the dismissed claims arose from the same factual allegations as the pending claims of the remaining plaintiffs). In Lowery, the Sixth Circuit held that "the interrelationship of claims weighs heavily against certification under Rule 54(b)." Lowery, 426 F.3d at 822. It reasoned that "the greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that this court will have to revisit the same facts under a different theory in a second appeal." Id. at 823. Thus, although the district court had found that other factors weighed in favor of certification, the Sixth Circuit concluded that the "commonality in operative facts" underlying all the plaintiff's claims militated against immediate appellate review. Id.

Here, the Court finds that the adjudicated and unadjudicated claims are closely related. The dismissed claims arise from the same factual allegations as the pending claims of the remaining Plaintiffs. The Plaintiff's claims against all the Defendants, both dismissed and remaining, stem from her alleged false arrest in Greensburg, Kentucky. Thus, even though some of the other factors weigh in favor of certification, such as the unlikelihood of mootness and the absence of counterclaims which could result in a set-off against the judgment sought to be made final, the Court concludes that "judicial economy will best be served by delaying appeal until all the issues can be confronted by the [appellate court] in a unified package." Solomon

3

v. Aetna Life Ins. Co., 782 F.2d 58, 62 (6th Cir. 1986). This is not the extraordinary case that warrants piecemeal appellate litigation and, based on the above factors, the Court cannot hold that there is no just reason to delay appellate review.

### III. CONCLUSION

For the foregoing reasons, the Court denies the Defendants' motion for Rule 54(b) certification. **IT IS SO ORDERED**.

cc: Counsel of Record