UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:06-CV-85

MELISSA BELL                                                                          PLAINTIFF

V.

JOHN O. HALL, and the
CITY OF GREENSBURG,
KENTUCKY                                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by the Defendants for summary judgment.
Fully briefed this matter is ripe for decision.  For the following reasons, the Defendants' motion is
**GRANTED**.

## I. FACTS

On July 1, 2005, Plaintiff Melissa Bell ("Bell") was stopped by Defendant Officer John O.
Hall for speeding in Green County, Kentucky.   After obtaining Bell's driver's license, which
identified her as Melissa J. Bell of Indianapolis, Indiana, Officer Hall arrested Bell because the
dispatcher notified him that there was an arrest warrant out for a "Melissa Bell." The Plaintiff
protested to Officer Hall that she could  not be the "Melissa Bell" for which he had a warrant
because she lived in Indiana and not Kentucky, as her license established. Notwithstanding her
objections, the Plaintiff was taken to the Marion County (Kentucky) Jail.  Once she arrived at the
jail, officials there realized that she was not the Melissa Bell they sought and, after receiving
clearance from the necessary authorities, she was allowed to leave. The Plaintiff was never placed
in a jail cell and was in custody for no more than four hours before she was released.

The arrest warrant which led Officer Hall to arrest the Plaintiff was for a "Melissa Bell" of

Taylor County, Kentucky who had failed to pay back child support.  The arrest warrant contained no social security number, date of birth, or physical description of the individual sought. (DN 35, Attach. 4, Ex. 2, Bench Warrant)

In this action against Officer Hall and the City of Greensburg, the Plaintiff has brought suit pursuant to 42 U.S.C. § 1983 and claims the Defendants violated her federal constitutional rights by subjecting her to a false arrest. She also claims that the Defendants' actions constituted assault, battery, and negligence, and, thus, were violations of Kentucky state law.

## II. LEGAL STANDARD

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.  The moving party bears the initial burden of specifying the basis for its motion and of identifying the portion of the record which demonstrates the absence of a genuine issue of material facts. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the non-moving party themselves thereafter must produce specific facts demonstrating that a genuine issue of fact exists for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986).  The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  "The mere existence of scintilla of evidence

2

in support of the [non-moving party's] position will be insufficient, there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477. U.S. at 252.  It is against this standard that the court reviews the following facts.

### III. ANALYSIS

**A. Plaintiff's Federal "False Arrest" Claim**

"A false arrest claim brought under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff. An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest made pursuant to 42 U.S.C. § 1983." Voyticky v. Timberlake, 412 F.3d 669, 677 (6th Cir. 2005)(citations omitted). Further, when "police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest." Hill v. California, 401 U.S. 797, 802 (1971); see also Hill v. Scott, 349 F.3d 1068 (8th Cir. 2003).

Here, the Plaintiff first seems to argue that her arrest  was unconstitutional because it was not based on a facially valid warrant.   She notes that the arrest warrant that had been issued for a "Melissa Bell" in Taylor County, Kentucky contained neither a social security number or a date of birth.  However, the Federal Rules of Criminal Procedure only require that a warrant contain "the defendant's name or, if it is unknown, a name or description by which the defendant can identified with reasonable certainty;" a description of the offense charged; a command that the defendant be arrested and brought before a judicial officer; and a judge's signature.  Fed. R. Crim P.  4(b)(1). Thus, courts have recognized that "an arrest warrant that correctly names the person to be arrested generally satisifies the [Fourth Amendment], and no other description of the arrestee need be included in the warrant." Gero v. Henault, 740 F.2d 78, 83 (1st Cir. 1984)(quoting Powe v. City of

Chicago, 664 F.2d 639, 645 (7th Cir. 1981)). Thus, the Court holds that the warrant at issue here was technically sufficient since it contained the defendant's name and address, described the offense charged, ordered the named defendant to be brought before the Taylor County court, and was signed by a judge.

The Plaintiff also argues that her arrest was unconstitutional because it was unreasonable for the arresting officer to mistake her for the person named in the warrant. She argues that Officer Hall should have realized she was not the Melissa Bell sought by the warrant since 1) she protested that she was not that Melissa Bell; 2) the warrant sought a "Melissa Bell" and not a "Melissa J. Bell" as the Plaintiff was identified on her license; 3) she did not live in Taylor County, Kentucky as the warrant stated, but in Indiana; and 4) she looked too old to owe child support.

The reasonableness of an arrest is determined by looking at the totality of the circumstances surrounding the arrest. Hill v. Scott, 349 F.3d 1068, 1072-1073;  Rodriguez v. Farrell, 280 F.3d 1341, 1347 (11th Cir. 2002); Patton v. Przybylski, 882 F.2d 697, 699-700 (7th Cir. 1987); United States v. Glover, 725 F.2d 120, 122 (D.C. Cir. 1984).  "Sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment." Hill, 401 U.S. at 804. Signicantly, courts have held that it is reasonable for police to "rely on facially valid arrest warrants even if the face of vehement claims of innocence by reason of mistaken identity, or otherwise." Masters v. Crouch, 872 F.2d 1248, 1253 (6th Cir. 1989)(citing Baker v. McCollan, 443 U.S. 137, 145 (1979)). Further, even  "discrepancies between an arrest warrant and the arrestee's physical appearance, address, and birth date are often insufficient to create a genuine factual dispute about whether arresting officers had probable cause." Tibbs v. City of Chicago, 469 F.3d 661, 664 (7th Cir. 2006).

In Tibbs, the Seventh Circuit held that an arresting officer acted reasonably in arresting the

4

plaintiff based on a warrant that bore his name even though the warrant described an individual suspect with a different middle initial and birth date. And, in <u>Patton v. Przybylski</u>, the Seventh Circuit held that the  plaintiff failed to state a Fourth Amendment claim where the police allegedly arrested him based on a warrant that bore his name but had a different address and birth date. 882 F.2d 697 (7th Cir. 1987). See also <u>Terrell v Cleveland</u>, 819 F.2d 290 (6th Cir. 1987)(no constitutional violation where plaintiff mistakenly arrested based on a valid arrest warrant seeking individual with his  name, even though officers had photograph of the man they sought to arrest which showed physical characteristics that distinguished man sought by the warrant from the plaintiff).

Based on the above, the Court concludes that it was reasonable for Officer Hall to believe that he was arresting the individual sought by the warrant, despite the Plaintiff's protestations of her innocence and the discrepant address, since the Plaintiff shared the same name as the individual sought by a facially valid warrant.

Thus, the Court holds that there are no material facts in dispute and that the Defendants are entitled to judgment as a matter of law on the Plaintiff's federal "false arrest" claim.

**B. Plaintiff's State Law Claims**

Because the Court has disposed of the Plaintiff's federal claim, it declines to exercise supplemental jurisdiction over the Plaintiff's state law claims. "In the usual case in which all federal claims are eliminated before trial, the balance of factors to be considered...will point toward declining to exercise jurisdiction over the remaining state law claims." <u>Carnegie-Mellon v. Cohill</u>, 484 U.S. 343, 350, n.7 (1988). See also <u>Mallory v. Ohio Univ.</u>, 76 Fed. Appx. 634, (6th Cir. 2003)("The usual course is for the district court to dismiss state-law claims without prejudice if all federal claims are disposed of on summary judgment.").  Thus,  Plaintiff's state law claims are

dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Defendants' motion for summary judgment on the federal

claims is **GRANTED** and the Plaintiff's state-law claims are **dismissed without prejudice**.

**IT IS SO ORDERED**.

cc: Counsel of Record